IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3410 |
| | ) | |
| BRIAN SULLIVAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, wherein the Plaintiff seeks entry of a declaration that Defendant's claim is not arbitrable.

Pending is the Plaintiff's Motion for Summary Judgment.

In short, there is nothing to arbitrate.

Judgment for Plaintiff.

This case is closed.

### I. BACKGROUND

On November 13, 2013, Defendant Brian Sullivan filed with the

American Arbitration Association ("AAA") a Demand for Arbitration, requesting an in-person arbitration of the Defendant's claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Act) against Plaintiff PNC Bank, N.A.

On October 4, 2013, the Plaintiff mailed the Defendant a notice stating that "your deposit account referenced above (xxx895) has been overdrawn for 15 days and is currently reflecting a negative balance of $10.00. . . We request that you immediately make a deposit to return your account to a positive balance . . . Please be advised that a continued failure to pay may result in additional fees, Account closure and the overdraft amount being reported as a delinquency to Chex Systems."

On October 15, 2013, the Defendant visited the Plaintiff's branch located at One Old Capitol Plaza North, Springfield, IL and made a deposit of $20 into account xxxx895.

In his Demand for Arbitration, the Defendant claimed that Plaintiff violated the Act by telling him he was a PNC customer, when he was not, in order to obtain $20 from him. The Demand seeks the return of the $20,

plus $900 that Defendant says he lost in the form of his "billable hours" at his job; $100,000 in punitive damages; and $15,050 in "current" legal fees.

Although he contends that he never entered into any agreement with the Defendant, and is not a PNC Bank customer, the Defendant nevertheless asserts in his Demand for Arbitration that PNC is required to attend arbitration pursuant to the language of a document entitled "Account Agreement for Personal Checking, Savings and Money market Accounts," which the Defendant apparently believes the Plaintiff has entered into with other unidentified, non-party individuals.

Although he contends that he never entered into this or any other agreement with the Plaintiff and is not its customer, the Defendant also asserts in his Demand for Arbitration that PNC Bank must pay his attorney's fees pursuant to the language of the "Account Agreement for Personal Checking, Savings and Money Market Accounts."

On December 12, 2013, the Plaintiff filed this action, seeking entry of a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Defendant's claim made in the Demand for Arbitration is not

arbitrable. On December 17, 2013, the Defendant's counsel sent a letter to the AAA requesting that the AAA move forward with the demand for arbitration. In response, the AAA noted that it would proceed with arbitration on December 23, 2013.

On December 18, 2013, the Plaintiff filed an emergency motion for an Order staying the Arbitration. The same day, this Court granted the Plaintiff's emergency motion and entered an Order staying the arbitration pending the resolution of this action.

The Plaintiff filed its First Set of Discovery Requests to Defendant on April 16, 2014, which included Requests for Admissions. The Defendant served his Responses to the Plaintiff's Discovery Requests on April 25, 2014. In relevant part, the Defendant stated as follows:

> I did not enter into any agreement with PNC in connection with PNC account no. [xx-xxxx]-0895
>
> I did not open PNC account no. [xx-xxxx]-0895
>
> To the best of my memory, I have never opened any account with PNC.
>
> I am not a PNC customer.

4

Therefore, the parties agree that Defendant has not entered into any agreement with Plaintiff PNC, has never opened a PNC account and is not a PNC customer.

The Plaintiff claims it is entitled to summary judgment and the Court should enter an Order declaring the parties are not required to proceed to arbitration. The Defendant alleges the Plaintiff should be estopped from claiming there is no agreement to arbitrate and, moreover, his claims fall within the scope of the arbitration agreement.

## II. DISCUSSION

### A. Legal standard

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). The Declaratory Judgment Act provides in part:

> [A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a); see also Fed. R. Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201").

B. Analysis

Arbitration agreements are enforced to the same extent as other contracts and must therefore be construed according to their terms. See Hasbro, Inc. v. Catalyst USA , Inc., 367 F.3d 689, 692 (7th Cir. 2004). A party seeking to compel arbitration must show: "(1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." Zurich American Ins. Co. v. Watts Indus., Inc., 466 F.3d 577, 580 (7th Cir. 2006).

The parties agree that Defendant Brian Sullivan was not a customer of Plaintiff PNC Bank. Accordingly, the Plaintiff contends it is entitled to a declaration that the claim asserted in the Defendant's Demand for Arbitration is not "arbitrable" because the Defendant cannot meet its burden of establishing the existence of an agreement to arbitrate.

The Defendant asserts the Plaintiff is equitably estopped from claiming there was no agreement to arbitrate. Because the Defendant

requested and accepted $20.00 from the Plaintiff, the Plaintiff contends the Defendant cannot now deny the existence of an Agreement in order to circumvent the arbitration requirement.

A party asserting equitable estoppel must show: (1) misrepresentation or concealment of material facts by the party against whom estoppel is asserted; (2) the other party's knowledge that the representations were false; (3) the claimant's lack of knowledge of such falsity; (4) the other party's expectation of the claimant's resulting action; (5) the claimant's reasonable reliance to his detriment on the misrepresentations; and (6) the likelihood of prejudice to the claimant if the other party is not equitably estopped. Prestwick Capital Management, Ltd. v. Peregrine Financial Group, Inc., 727 F.3d 646, 663 (7th Cir. 2013) (citing Maniez v. Citibank, F.S.B., 404 Ill. App.3d 941, 949-50 (1st Dist. 2010)). The Court concludes that Defendant cannot meet each element of equitable estoppel.

It is undisputed that Plaintiff made a misrepresentation when it told the Defendant he was a PNC customer and must make a deposit in order to keep his account current. However, the Defendant cannot meet the

third element because he knew that the representation was false. The Defendant knew he did not have a PNC Bank account and did not enter into an agreement with the Plaintiff in connection with PNC account no. [xx-xxxx]-0895. The Defendant admitted he was not then a PNC Bank customer and, to the best of his knowledge, had never opened any account with the Plaintiff. Accordingly, the Court concludes that Defendant did not have a "lack of knowledge" of the falsity of the Plaintiff's representation.

The Defendant also cannot establish that he reasonably relied on the misrepresentation to his detriment. Because the Defendant knew he was not a PNC Bank customer and did not owe it any money, the Court concludes that he did not reasonably rely on the misrepresentations to his detriment. Instead, the Defendant's reliance was unreasonable. The Defendant did pay the Plaintiff $20.00, apparently without reservation, even though he knew he was not an account holder with a negative balance. Because of his unreasonable reliance, the Court concludes that the payment does not constitute detriment to the Defendant.

Based on the foregoing, the Defendant is unable to meet each element of equitable estoppel. Accordingly, he cannot rely on equitable estoppel in compelling arbitration.

The Defendant further contends that his claims fall within the arbitration agreement. However, there was no agreement to arbitrate between the Plaintiff and the Defendant. The Defendant notes that the arbitration provision provides that "you and we may elect to arbitrate any Claim." A "Claim" is then defined to include:

> [A]ny demand, cause of action, complaint, claim, asserted right, or request for monetary or equitable relief, whether past, present or future, and based upon any legal theory, including contract, tort, consumer protection law, fraud, statute, regulation, ordinance, or common law, which arises out of or relates to this Agreement, your Account or Accounts, the events leading up to you becoming an Account holder (for example, advertisements or promotions), any feature or service provided in connection with Your Account or Accounts, or any transaction conducted with us related to your Accounts.

The Defendant did not sign the Agreement. He is not and has never been an account holder at PNC Bank. Therefore, the words "you" and "your" do not refer to Defendant Brian Sullivan. The Defendant provides no authority for the assertion that he may compel arbitration when he did not

9

sign the Agreement and, to the extent that Defendant is alleging he is a third-party beneficiary, he has not identified a contractual relationship existing between the Plaintiff and any other signatory. A third-party beneficiary of an agreement is entitled to enforce it and obtain damages upon its breach. See Thomas v. UBS AG, 706 F.3d 846, 852 (7th Cir. 2013). "A third-party beneficiary is someone whom the contracting parties wanted to have the right to enforce the contract." Id. The Defendant is not a third-party beneficiary.

The Defendant was not a party to an agreement with the Plaintiff. He cannot rely on equitable estoppel in claiming there was an agreement to arbitrate.

Finally, the Defendant's claims do not fall within the scope of the arbitration agreement.

For all of these reasons, the allegations of the Defendant are not arbitrable.

Ergo, the Plaintiff's Motion for Summary Judgment [d/e 11] is ALLOWED.

The final pretrial conference and bench trial are Canceled.

A Judgment shall be entered declaring that the claim in the Defendant's Demand for Arbitration is not arbitrable.

CASE CLOSED.

ENTER: March 25, 2015

FOR THE COURT:

<u>s/Richard Mills</u>
Richard Mills
United States District Judge